1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RYAN CARROLL,

                Petitioner,

   v.

DENNIS SMITH,

                Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

1:07-cv-00222-LJO-TAG HC

FINDINGS AND RECOMMENDATIONS TO
GRANT RESPONDENT'S MOTION TO
DISMISS PETITION FOR WRIT OF
HABEAS CORPUS AS MOOT (Doc. 5)

ORDER DIRECTING THAT OBJECTIONS
BE FILED WITHIN FIFTEEN DAYS

     Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## FACTUAL AND PROCEDURAL HISTORY

     The instant petition was filed on February 9, 2007.  (Doc. 1).   The petition contends that Petitioner is in the custody of the Bureau of Prisons ("BOP"), but that the BOP has violated its duty to consider the enumerated factors set forth in 18 U.S.C. § 3621(b) in order to determine the appropriate place of confinement.  (Doc. 1, p. 3).  Citing various circuit court decisions, Petitioner contends that the BOP should make conduct an immediate assessment regarding his suitability for placement in a Residential Re-entry Center ("RRC") by referencing only the factors contained in 18 U.S.C. § 3621(b), and without reference to 28 C.F.R. §§ 570.20 and 570.21.  (Doc. 1, p. 3).  Petitioner also requests an immediate transfer to an RRC facility.  (Id.).

     On May 4, 2007, Respondent filed the instant motion to dismiss, alleging that Respondent had conducted an evaluation of Petitioner's release date to RRC, without reference to the challenged regulations, that the relief Petitioner had requested had been afforded to him, and therefore the petition was now moot.  (Doc. 5, p. 2).  Respondent states, "[t]he BOP has evaluated petitioner

1

1   'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005

2   Community Corrections Policies.'" (Id.).  As a result of this evaluation, the BOP determined

3   Petitioner is to spend "30-40 days in a Residential Re-entry Center before his release." (Id.).  In the

4   motion to dismiss, Respondent has provided a copy of the completed form entitled, "Institutional

5   Referral for CCC Placement," that indicates Petitioner has been placed in the 30-40 day RRC

6   placement range.  (Doc. 5-4).  Respondent's motion also contains a copy of the BOP's Program

7   Statement 7310.04 ("Program Statement") which provides for an RRC placement assessment at least

8   eleven to thirteen months before the prisoner's probable release date.  (Doc. 5-5, ¶ 12). _____

9   **JURISDICTION**

10          Writ of habeas corpus relief extends to a person in custody under the authority of the United

11   States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

12   constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

13   § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

14   bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See e.g., Capaldi v. Pontesso,

15   135 F.3d 1122, 1123 (6th Cir. 1998);  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.

16   1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Brown v. United States,

17   610 F.2d 672, 677 (9th Cir. 1980).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal

18   custody must show that his sentence is being executed in an illegal, but not necessarily

19   unconstitutional, manner.  See e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996)

20   (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d

21   at 893-894 (asserting petitioner should be housed at a community treatment center);  Barden v.

22   Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether

23   petitioner could receive credit for time spent in state custody);  Brown, 610 F.2d at 677 (challenging

24   content of inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of

25   habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's

26   custodian.  Brown, 610 F.2d at 677.

27   ///

28   ///

In this case, Petitioner alleges that BOP's policy limiting placement in an RRC to ten percent of his sentence violates federal law as well as BOP's policy of making such placement decisions by reference to allegedly illegal regulations and program statements. Petitioner is challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Federal Prison Camp, United States Prison, Atwater, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

## EXHAUSTION

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Western Radio Services Co. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. See McCarthy v. Madigan, 503 U.S. at 145. Thus, exhaustion of administrative remedies would be futile and should be excused if the agency lacks authority to grant the requested relief or has predetermined the issued before it. See id. at 148.

1    Here, Petitioner has not indicated that he has undertaken any efforts to exhaust his

2  administrative remedies, but does claim that exhaustion would be futile.  (Doc. 1, p. 1).  Respondent

3  has not addressed the issue.  As mentioned, futility is an exception to the exhaustion requirement.

4  Laing v. Ashcroft, 370 F.3d 994, 1000-1001 (9th Cir. 2004).  In the instant action, it is apparent that

5  it would be futile for Petitioner to exhaust his administrative remedies because he alleges he is being

6  denied an immediate RRC placement based on formally-adopted BOP regulations, the validity of

7  which BOP strenuously maintains.  In the Court's view, therefore, Petitioner's exhaustion of his

8  administrative remedies is not a pre-requisite to the district court's jurisdiction over the case because

9  of the BOP's intractable and immutable policy against the relief sought.

10                                      **DISCUSSION**

11    The case or controversy requirement of Article III of the Federal Constitution deprives the

12  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

13  S.Ct. 373, 374-375 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352

14  (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties

15  lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The

16  federal courts are "without power to decide questions that cannot affect the rights of the litigants

17  before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971)(citation omitted).

18    Here, the instant petition requests an order directing the BOP "to correctly follow 3621(b)

19  and immediately transfer Petitioner to a RRC nearest his place of release."  (Doc. 1, p. 3).

20  Respondent has submitted evidence that he has conducted an assessment of Petitioner's RRC

21  placement without reference to either 28 C.F.R. §§  570.20 or 570.21.  Here, the BOP has given

22  Petitioner the consideration he has requested. Because there is no further relief that this Court can

23  provide to Petitioner, the petition is now moot.

24    Although Petitioner words his request as one for immediate placement rather than for an

25  immediate assessment of RRC placement, he has not established any right to an immediate

26  placement.  Program Statement 7310.04 , which governs when and how the BOP will conduct such

27  assessments, does not improperly limit the discretion of the BOP to make an RRC placement in any

28  individual case.  The Program Statement only requires that the BOP make an RRC placement

assessment *at least* eleven to thirteen months prior to the inmate's release date.  Nothing in the Program Statement *prevents* the BOP, in the exercise of its statutory discretion, from making an earlier determination, although the Court is not aware of any statute or regulation that would require such expedited action by the BOP.  In other words, the Program Statement simply insures that inmates will receive an RRC assessment sufficiently in advance of their release date to permit them to make appropriate plans prior to their transfer.  Because the Program Statement does not limit or otherwise intrude on the BOP's exercise of discretion in making its RRC assessment, the Program Statement is not in any way analogous to the 2002 and 2005 regulations that many courts, including this one, have found to be an illegal limitation on the discretion vested in the BOP by § 3621(b).[1]

Moreover, the Court is unaware of any authority requiring the BOP to conduct its RRC eligibility reviews or immediately transfer a prisoner to an RRC facility *on demand of the prisoner*.  Indeed, while case law from this Court strongly suggests that Petitioner is entitled to an RRC assessment made independently of the 2002 and 2005 regulations–something that appears to have already occurred in this case--Petitioner cites no authority for the proposition that he has either a statutory or constitutional right to an immediate transfer.

Finally, for good reason,  the Court is reticent, absent express statutory authority, to micro-manage the BOP regarding inmate RRC assessments and placements.  "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile

---

[1]Moreover, a habeas claim cannot be sustained based solely upon the BOP's purported violation of its own Program Statement. Under 28 U.S.C. § 2241, a petitioner's custody need not be in violation of the Constitution; a violation of federal law is sufficient.  See 28 U.S.C. § 2241(c)(3). However, the violation of a BOP Program Statement is not a violation of federal law.  Program Statements are "internal agency guidelines [that] may be altered by the Bureau at will" and that are not "subject to the rigors of the Administrative Procedure Act, including public notice and comment." Jacks v. Crabtree, 114 F.3d 983, 985 n. 1 (9th Cir.1997).  BOP Program Statements are simply interpretive rules.  Reno v. Koray, 515 U.S. 50, 61 (1995).  "[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on  any party." United States v. Craveiro, 907 F.2d 260, 264 (1st Cir. 1990); see also, e.g., Schweiker v. Hansen, 450 U.S. 785, 789 (1981) (Social Security Administration Manual was only regulation, had no legal force, and did not bind government); United States v. Busher, 817 F.2d 1409, 1411 (9th Cir.1987) (United States Attorneys' internal guidelines do not create any rights enforceable at law); Thompson v. United States, 592 F.2d 1104, 1110 (9th Cir.1979) (government safety manual or safety programs do not grant right to have them followed); United States v. Caceres, 440 U.S. 741 (1979) (failure to follow internal IRS regulations did not violate federal law).

environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." Sandin v. Conner, 515 U.S. 472, 482 (1995).  In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration.  In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions.  More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention.  Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication.  Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree.  Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.  Judicial recognition of that fact reflects no more than a healthy sense of realism.

Respondent has indicated that he has already conducted the RRC placement assessment for Petitioner without regard to the discredited regulations.  Petitioner has given the Court no reason to doubt the BOP's representations to the Court in that regard such that this Court should alter, amend, oversee or otherwise micro-manage the BOP's conduct of Petitioner's RRC assessment and placement.

### RECOMMENDATIONS

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 5), be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

1   ten (10) court days (plus three days if served by mail) after service of the objections.  The District

2   Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6   IT IS SO ORDERED.

7   Dated:   **October 4, 2007**                                    **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28